EHRLICH, Justice.
This disciplinary proceeding is before us on complaint of The Florida Bar, respondent’s guilty plea and the uncontested report of the referee. We have jurisdiction. Art. V, § 15, Fla. Const.
The bar filed a two-count complaint against respondent. The first count involved respondent’s representation of two relatives of a deceased in settling various aspects of the deceased’s estate. This representation commenced in May 1980, but had not been completed by November 1984. The respondent admitted that this delay was a violation of Disciplinary Rule 6-101(A)(3) (neglect of a legal matter entrusted to him).
The second count involved respondent’s representation of a client who sustained personal injury resulting from a fall on a dance floor. The referee found that this client was led to believe that respondent would represent her, even though respondent denied the existence of an attorney-client relationship. The statute of limitations evidently expired, and respondent paid this client $500 from his own funds as a settlement. Respondent admitted that this conduct was also a violation of Disciplinary Rule 6-101(A)(3).
The referee recommended that respondent be found guilty of both counts. The referee found as a mitigating factor in Count I, that respondent’s son had been brutally murdered a few years prior to this event and that respondent had “considerable difficulty” going into the probate division of the circuit court. The referee recommended that respondent receive a public reprimand and that respondent bear the cost of these proceedings.
We approve the referee’s findings and recommendations. Publication of this opinion in the Southern Reporter shall serve as respondent’s public reprimand. Judgment for costs in the amount of $832.30 is hereby entered against respondent, for which sum let execution issue.
It is so ordered.
ADKINS, Acting C.J., and OVERTON, SHAW and BARKETT, JJ., concur.